UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| Crate Holdings LLC d/b/a Crate Holdings Ammo, ) | Case No.: 24-00312-eg |
| ) | |
| Debtor. ) | |

**SUBCHAPTER V STATUS REPORT**

Date of Order for Relief:    January 29, 2024

Subchapter V Trustee:    Joseph Kershaw Spong

1. Has the Debtor remitted $1,000 to the Subchapter V Trustee to be held in trust? **Yes.**

2. Has the Debtor attended an initial Debtor interview? **Yes.**

3. Has the Debtor filed all monthly operating reports? **Yes.**

4. Is all relevant insurance in place and current? **Yes.**

5. Has the Debtor filed all applicable tax returns? **Yes.**

6. Has the Debtor paid all taxes that have become due post-petition? **Yes.**

Please detail the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization (such as, which creditors has the Debtor spoken with, has the Debtor reached an agreement with any creditors, what are the Debtor's biggest obstacles in the case to obtaining a consensual plan, does the Debtor need to make any changes to its business to increase revenues or decrease expenses):

**The Debtor has obtained approval for use of cash collateral and approval to pay a critical vendor. The cash collateral budget reflects efforts by the Debtor to reduce operating expenses. Specifically, prior to the bankruptcy filing, the Debtor had several employees. The number of employees is now down to the owner and one other employee. Both the owner and the remaining employee have reduced their compensation in order to reduce operating expenses. The Debtor has also rejected a warehouse lease to save approximately $1800/month.**

**The Debtor's business was generally doing well until sales slowed more than expected in the summer of 2023. The Debtor took out a high-interest MCA loan to carry the business until**

sales picked back up again. The Debtor had used MCA loans in the past when operating capital was needed, and had paid them off. This time, however, sales did not pick up quickly enough to cover the amounts being swept from the account on MCA loans, so the Debtor took out additional loans to cover it. This had a snowball effect, and became unsustainable. In budgeting going forward, the Debtor intends to set aside a reasonable amount as Reserve to carry the business during slow sales periods, to avoid having to take out high interest loans.

All creditors received notice of the cash collateral and critical vendor motions. Debtor's counsel has communicated directly with secured creditor OnRamp, and unsecured creditor Lee Advance. Debtor has communicated directly with American Express and with Mid Atlantic Ammo.

At this time, the Debtor does not foresee any major obstacles in attaining a consensual plan.

Note: **Debtor must file a plan not later than 90 days after entry of order for relief**, unless the Court extends the deadline upon a finding that extension is "attributable to circumstances for which the Debtor should not justly be held accountable." See, 11 U.S.C. § 1189(b).

This status report must be served on the Subchapter V Trustee and all parties in interest.

Crate Holdings LLC

Dated: 2/19/2024

Michael A. Corcoran, Owner